# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2025

Lyle W. Cayce
Clerk

———————

No. 23-50520

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVIIAN DWANE ROBERTS,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-236-1

_____

Before ELROD, *Chief Judge*, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

While still on supervised release for a previous felony, Daviian Dwane Roberts was arrested for, and ultimately pleaded guilty to, possession of a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). On appeal, he contends that § 922(g)(1) violates the Second Amendment as applied to him.

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50520

We review preserved challenges to the constitutionality of a criminal statute de novo. *United States v. Diaz*, 116 F.4th 458, 462 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (U.S. June 23, 2025). "The plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)." *Id.* at 467. The burden therefore shifts to the Government to demonstrate that regulating Roberts's possession of a firearm is "consistent with the Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022).

We recently held that because we have a historical tradition of requiring convicts to forfeit their weapons and forego reacquisition until their sentences are complete, § 922(g)(1) is constitutional as applied to a defendant who violates the statute while on supervised release. *United States v. Giglio*, 126 F.4th 1039, 1043-45 (5th Cir. 2025); *United States v. Contreras*, 125 F.4th 725, 732-33 (5th Cir. 2025). We also held that "[b]ecause theft was a felony at the Founding and 'would have led to capital punishment or estate forfeiture' at that time," § 922(g)(1) is constitutional as applied to those convicted of "theft-related felon[ies]." *United States v. Schnur*, 132 F.4th 863, 871 (5th Cir. 2025) (quoting *Diaz*, 116 F.4th at 469–70).

Roberts was serving a term of supervised release at the time of his § 922(g)(1) offense and he had prior felony convictions for aiding and abetting a Hobbs Act robbery and burglary of a habitation. This is not the first time Roberts has pleaded guilty under the felon in possession statute. In 2008, Roberts pleaded guilty to and was convicted of being a felon in possession of a firearm and ammunition. *Giglio*, *Diaz*, and *Schnur* therefore foreclose his § 922(g)(1) challenges, and the statute is constitutional as applied to him. While Roberts also challenges his designation as an armed career criminal, a panel of this court granted the Government's motion to dismiss that claim as barred by Roberts's appeal waiver. Roberts does not challenge that dismissal, and we treat it as the law of the case.

No. 23-50520

AFFIRMED.